STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
CUMUCD-CR-13-02178

WSP - JOC ~ 10 2013

STATE OF MAINE,

v.

DECISION

MELANIE RUSSELL,

Defendant.

## FINDINGS

1. On February 5, 2013 at approximately 7 p.m. Brunswick Police officer Matthew Swan and two other officers went to the home of Melanie Russell in the Rush trailer park to execute an arrest warrant for Thomas Harmon.

2. The officers went to Ms. Russell's home because it was the last known address for Mr. Harmon in the police files. There was no evidence introduced as to how fresh or stale this information was. The officers had no other information from other sources that Mr. Harmon was currently living in Ms. Russell's home.

3. The officers did not have a search warrant.

4. There were no exigent circumstances that would justify a warrantless search of Ms. Russell's home or a warrantless entry onto the curtilage of her home. Mr. Harmon was wanted for a sex charge. The police had no indication that there was a possibility of resistance or of flight.

5. The officers parked their police cars in the entrance of the trailer park. The officers proceeded to Ms. Russell's trailer on foot and then spread out. Officer Swan went to the front door of Ms. Russell's home. Another officer went to the back of the trailer. The third officer went to the left front of the trailer and stood outside peering

in. See State's Exhibit 5 and the notation "St" for the location of the third officer. Although it is hard to tell from State's Exhibit 3, which depicts the front of Ms. Russell's home, it appears as likely as not that the third officer would have been standing on Ms. Russell's front lawn as he looked into the window. The only officer who testified, Officer Swan, said that the third officer went to the front window. I conclude from this that the third officer went to the front window so he could look inside without regard to whether he was standing on the front lawn or the driveway.

6. At the front door, Officer Swan looked into the trailer and saw two females and two children. He did not see Mr. Harmon.

7. Officer Swan knocked and nobody answered. He knocked again and Ms. Russell came to the door.

8. Officer Swan told Ms. Russell, "I'm here to get Thomas Harmon." Ms. Russell replied that he wasn't there. Officer Swan said, "So he's not inside your home." Ms. Russell replied, "No he is not."

9. At this point, the third officer at the front window called out that he could see a man inside Ms. Russell's home.

10. Officer Swan ordered Ms. Russell to get back inside the trailer. Then he ordered the man to come out. Mr. Harmon came to the front door. Officer Swan brought Mr. Harmon out of the house, arrested him, and put him in a police car.

11. Officer Swan then went inside Ms. Russell's home to talk to Ms. Russell about hindering arrest. This interrogation took place in her living room.

12. Officer Swan had no intention of arresting Ms. Russell because she had children who would be unattended if he did arrest her. Officer Swan told her he would summons her. However, there is no evidence as to when he told her that. Officer

2

Swan has a blank memory concerning how he got into Ms. Russell's home. He does not know if she invited him in or if he asked permission to enter or if he did ask permission, whether she consented or not.

13. Finally, because of Officer Swan's blank memory, there is no evidence of whether he made any promises to Ms. Russell before he interrogated her or made any threats. The state bears the burden on the issues of consent and voluntariness. The only facts the state has presented on these issues are that Officer Swan interrogated Ms. Russell in her house and that he did not arrest her. The rest of the slate is blank.

14. Ms. Russell made incriminating statements to Officer Swan inside her trailer.

## ANALYSIS

It is important to remember that it is not Thomas Harmon bringing the motion to suppress in this case, it is Melanie Russell. She has been charged with hindering apprehension. It is her house that the police searched to arrest Thomas Harmon. It is her fourth amendment protections that are at stake.

The analytical framework for this case is provided by Steagald vs. U.S., 451 U.S. 204 (1981) and Florida v. Jardines, 133 S. Ct. 1409 (2013). Steagald held that the police cannot search a person's home to effect an arrest warrant for a third party unless the police also have a search warrant. Steagald, 451 U.S. at 216. In this case the police hoped, based on prior information, that Mr. Harmon might be in Ms. Russell's home. But they had no arrest warrant for Ms. Russell. Nor did they have a search warrant. The exception to the requirement for a warrant would be exigent circumstances but the police do not claim that any exigent circumstance existed. Id. at 218.

3

Florida v. Jardines, clarifies what the police can do in a situation like this. The police can approach the front door by the front path, knock, make inquiry, and then absent an invitation to stay longer, they can leave. Jardines, 113 S. Ct. at 1415.

That is not what the police did here. They were told twice that Mr. Harmon was not in the house. Instead of leaving, they used information gleaned from an impermissible search (the officer peering in the left front window) to order Ms. Russell to stand aside and to order the unknown man inside the home to come out.

Whether the officer looking in the window was conducting a search is expressly discussed in Jardines. "The right" to be free from unreasonable government intrusion "would be significantly diminished if the police could enter a man's property to observe his repose from just outside the front window." Id. at p. 1414.

It is true in this case that Ms. Russell occupied a modest mobile home with limited curtilage. Nevertheless the space immediately outside her front window was curtilage. The fourth amendment protects not only the wealthy, it protects modest homes as well. The arrest of Mr. Harmon was generated by a warrantless search through Ms. Russell's window. All evidence subsequent to the third officer's calling out that there was a man inside Ms. Russell's home is the fruit of the poisonous tree.

It should be noted that the police did have the right to knock on the door and inquire if Mr. Harmon was inside. Twice Ms. Russell denied it before the third officer cried out. Therefore that evidence will not be suppressed. It should also be noted that the suppression order does not apply to Mr. Harmon. He is not a party to this motion and even if he were, there is no evidence on this record that he has standing to object to the search.

4

For the above stated reasons, the clerk, by reference, will make the following entry on the docket.

Defendant Melanie Russell's motion to suppress is granted to the extent that all evidence generated against her after the officer cried out that there is a man in the house is suppressed.[1]

DATED:  September 10, 2013

_____*W. S. Brodrick*_____
William S. Brodrick
Active-Retired Justice, Superior Court

---

[1] This will include statements made by Ms. Russell after Mr. Harmon was arrested. That interrogation is the fruit of the poisonous tree.  Also Officer Swan has no memory of how he got into Ms. Russell's house to interrogate her.  The burden is on the state to prove consent.  Given Officer Swan's completely blank memory as to the events preceding the interrogation the state has failed to prove that Ms. Russell consented to the interview in her home or that her admissions were voluntary.

STATE OF MAINE                                    CRIMINAL DOCKET
   vs                                             CUMBERLAND, ss.
MELANIE  RUSSELL                                  Docket No  CUMCD-CR-2013-02178
13 RUSHES TRAILER PARK
BRUNSWICK ME 04011                                **DOCKET RECORD**

DOB: 08/13/1974
Attorney: ROBERT LEBRASSEUR                State's Attorney: MICHAEL MADIGAN
         LAW OFFICE OF ROBERT C LEBRASSEUR PC
         415 CONGRESS STREET SUITE 202
         PORTLAND ME 04101
         APPOINTED 05/07/2013

Filing Document: INDICTMENT                Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 04/04/2013

## Charge(s)

1    HINDERING APPREHENSION OR PROSECUTION       02/05/2013 BRUNSWICK
Seq 9018   17-A  753(1-B)(A)(1)          Class B
   SWAN                  / BRU


## Docket Events:

04/05/2013 FILING DOCUMENT -  INDICTMENT FILED ON 04/04/2013


04/05/2013 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 05/07/2013 at 08:30 a.m. in Room No.  1


         NOTICE TO PARTIES/COUNSEL
04/05/2013 Charge(s): 1
         HEARING -  ARRAIGNMENT NOTICE SENT ON 04/05/2013
         JAMES  TURCOTTE , ASSISTANT CLERK
05/07/2013 BAIL BOND -  PR BAIL BOND FILED ON 05/07/2013


         Date Bailed: 05/07/2013
         927 BALWARD
05/07/2013 Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 05/07/2013 at 08:30 a.m. in Room No.  1
         WILLIAM  BRODRICK , JUSTICE
         DA: MATTHEW TICE
         DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS          TAPE 4936
05/07/2013 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 05/07/2013 at 08:30 a.m. in Room No.  1
         WILLIAM  BRODRICK , JUSTICE
         DA: MATTHEW TICE
         TAPE 4936
05/07/2013 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/11/2013 at 10:00 a.m. in Room No.  7

05/07/2013 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 08/12/2013 at 08:30 a.m. in Room No.  11


         NOTICE TO PARTIES/COUNSEL
05/07/2013 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/07/2013

05/07/2013 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/07/2013
        WILLIAM BRODRICK , JUSTICE
        Defendant Present in Court

        COPY TO PARTIES/COUNSEL
05/07/2013 Party(s): MELANIE RUSSELL
        ATTORNEY - APPOINTED ORDERED ON 05/07/2013

        Attorney: ROBERT LEBRASSEUR
07/11/2013 Charge(s): 1
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/11/2013
        PAUL E EGGERT , JUDGE
        Attorney: ROBERT LEBRASSEUR
        DA: MICHAEL MADIGAN
        HELD  OFFER MADE JS 8-12-13. MOTION TO BE FILED  SET 7-23-13 AT 1:00 PM.
07/12/2013 Charge(s): 1
        MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/12/2013

07/12/2013 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/23/2013 at 01:00 p.m. in Room No.  1

        NOTICE  TO PARTIES/COUNSEL
07/12/2013 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 07/12/2013

07/18/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/18/2013

07/22/2013 HEARING - MOTION TO SUPPRESS CONTINUED ON 07/19/2013
        ROLAND A COLE , JUSTICE
07/22/2013 MOTION - MOTION TO CONTINUE GRANTED ON 07/19/2013
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL
07/24/2013 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/06/2013 at 01:00 p.m. in Room No.  1

        NOTICE  TO PARTIES/COUNSEL
07/24/2013 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 07/24/2013

08/06/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 08/05/2013

08/06/2013 MOTION - MOTION TO CONTINUE GRANTED ON 08/06/2013
        ROLAND A COLE , JUSTICE
        COPY TO PARTIES/COUNSEL
08/06/2013 HEARING - MOTION TO SUPPRESS CONTINUED ON 08/06/2013

08/06/2013 Charge(s): 1
        TRIAL - JURY TRIAL CONTINUED ON 08/06/2013

08/08/2013 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/20/2013 at 01:00 p.m. in Room No.  1

        NOTICE  TO PARTIES/COUNSEL
08/08/2013 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 08/08/2013

08/08/2013 TRIAL - JURY TRIAL SCHEDULED FOR 09/09/2013 at 08:30 a.m. in Room No.  11

NOTICE TO PARTIES/COUNSEL
08/08/2013 TRIAL - JURY TRIAL NOTICE SENT ON 08/08/2013


08/21/2013 Charge(s): 1
        MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 08/20/2013
        WILLIAM BRODRICK , JUSTICE
08/21/2013 HEARING - MOTION TO SUPPRESS HELD ON 08/20/2013
        WILLIAM BRODRICK , JUSTICE
        Attorney: ROBERT LEBRASSEUR
        DA: MICHAEL MADIGAN
        Defendant Present in Court


        TAPE 5241
08/21/2013 CASE STATUS - CASE FILE LOCATION ON 08/20/2013


        WITH J. BRODRICK
09/06/2013 TRIAL - JURY TRIAL CONTINUED ON 09/06/2013


09/06/2013 TRIAL - JURY TRIAL SCHEDULED FOR 09/23/2013 at 08:30 a.m. in Room No. 11


        NOTICE TO PARTIES/COUNSEL
09/06/2013 TRIAL - JURY TRIAL NOTICE SENT ON 09/06/2013


09/09/2013 OTHER FILING - WITNESS LIST FILED BY STATE ON 09/06/2013


09/10/2013 CASE STATUS - CASE FILE RETURNED ON 09/10/2013


09/10/2013 Charge(s): 1
        MOTION - MOTION TO SUPPRESS GRANTED ON 09/10/2013
        WILLIAM BRODRICK , JUSTICE
        COPY TO PARTIES/COUNSEL                                    MOTION TO
        SUPPRESS IS GRANTED TO THE EXTENT THAT ALL EVIDENCE GENERATED AGAINST HER AFTER THE
        OFFICER CRIED OUT THAT THERE IS A MAN IN THE HOUSE IS SUPPRESSED

A TRUE COPY
ATTEST: _____
                        Clerk